IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. xx-xx-xxxx (xxx)

DEBBIE A. COPELAND,

    Plaintiff,

v.

BRASS-CRAFT MANUFACTURING COMPANY, a Michigan Corporation; and
MASCO CORPORATION, a New Mexico Corporation,

    Defendants.

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Brass-Craft Manufacturing Company and Masco Corporation, by and through their attorneys, Montgomery, Kolodny, Amatuzio & Dusbabek, L.L.P., respectfully submit this Notice of Removal pursuant to 28 U.S.C.A. § 1441 and 28 U.S.C.A. § 1446, as follows:

1.    On June 19, 2008, Plaintiff filed her Civil Complaint and Jury Demand ("Complaint") against Defendants in the District Court for the State of Colorado, Clear Creek County, captioned *Debbie A. Copeland v. Brass-Craft Manufacturing Company, a Michigan corporation; and Masco Corporation, a New Mexico corporation*, Civil Action No.: 08-cv-75. *See* Complaint, attached as Exhibit A. Plaintiff served Defendant Brass-Craft Manufacturing Company with the Complaint, Civil Case Cover Sheet, and Summons on August 12, 2008. *See* Return of Service, attached as Exhibit B. Plaintiff served Defendant Masco Corporation with the Complaint, Civil Case Cover Sheet, and Summons on August 25, 2008. *See* Return of Service, attached as Exhibit C.

2. The described action is a civil action in which this Court has original jurisdiction under the provisions of 28 U.S.C.A. § 1332(a), as the action is one between citizens of different states and the matter in controversy is alleged to exceed the sum of $75,000, exclusive of interest and costs. Plaintiff alleges in the Complaint to be a resident of the State of Colorado and is therefore a citizen of the State of Colorado pursuant to 28 U.S.C.A. § 1332(a). *See* Exhibit A, ¶ 1. Plaintiff alleges that Brass-Craft Corporation is a Michigan corporation with its principal place of business at 39600 Orchard Hill Place, Novi, Michigan 48375. *See* Exhibit A, ¶ 2. She alleges that Masco Corporation is a New Mexico corporation with its principal place of business at 21001 Van Born Road, Taylor, Michigan 48180. *See* Exhibit A, ¶ 3. All parties are thus diverse for purposes of diversity jurisdiction under 28 U.S.C.A. § 1332(a).

3. Plaintiff alleges various negligence and product liability claims against Defendants as a result of extensive water damage to Plaintiff's second home in Clear Creek County allegedly caused by a toilet supply line failure. *See* Exhibit A, ¶¶ 5-6.

4. Under 28 U.S.C.A. § 1446(b), "A notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or <u>other paper</u> from which it may be first ascertained that the case is one which is or has become removable . . . ." (Emphasis added). The Civil Cover Sheet filed with Plaintiff's Complaint on June 19, 2008 and served on Defendant Brass-Craft Corporation on August 12, 2008 and on Defendant Masco Corporation on August 25, 2008, states that Plaintiff seeks damages in excess of $100,000.00. *See* Civil Case Cover Sheet, attached as Exhibit D. The Civil Case Cover Sheet is signed by Plaintiff's counsel pursuant to Rule 11 of the Colorado Rules of Civil Procedure: "The signature of an attorney constitutes a certificate by him that he

has read the pleading; that to the best of his knowledge, information and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law . . . ."

5. This Civil Case Cover Sheet constitutes an "other paper" from which Defendants could ascertain that Plaintiff is seeking damages in excess of $75,000.00. *See Henderson v. Target Stores*, 431 F. Supp.2d 1143, 1144 (D. Colo. 2006) (A civil cover sheet "falls within the term 'other paper' for determining the time within which removal papers must be filed."); *Wells v. American Family Ins. Group*, 2006 WL 561554, at *1 (D. Colo. March 3, 2006) (confirming that diversity jurisdiction existed at time of removal and amount in controversy exceeds $75,000 based on allegations in complaint and civil cover sheet.); *McGrew Living Revocable Trust v. Anadarko Land Corp.*, 2006 WL 2038168, at *1 (D. Colo. July 19, 2006) (concluding that the civil cover sheet sufficed for jurisdictional purposes under the removal statute); and *Garcia v. Corinthian Colleges, Inc.*, 2006 WL 1083635, at *1 (D. Colo. April 24, 2006) (stating once defendant received plaintiff's civil cover sheet, it served as the date defendant first received notice that the amount in controversy exceeded $100,000).

6. In addition to the Civil Case Cover Sheet, Plaintiff made a settlement demand of $137,802.30 on Defendants before she commenced the lawsuit. *See* letter dated June 27, 2008, attached as Exhibit E. This demand letter, which details the damages she allegedly sustained, provides further support that Plaintiff seeks in excess of $75,000. *See Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("The amount in controversy is ordinarily determined by the allegations in the complaint, or, where they are not dispositive, by the allegations in the notice of removal."); and *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993) (stating that the jurisdictional amount is satisfied if a defendant in a removed action can show to a reasonable

3

probability that the amount in controversy exceeds the jurisdictional threshold). Plaintiff identifies the following damages she alleges to have sustained: $1,000.00 for insurance deductible payment; $15,671 for mortgage payments; $1,620.32 for property taxes; $1,473.00 for homeowner's insurance premiums; $1,667.82 in utilities; $775.25 in water and sewer expenses; $18,649.88 in lost wages; $2,784.00 in transportation expenses; $48,000 in loss of use; and $50,000 in non-economic damages for a total estimate of $137,802.30. *See* Exhibit E.

7. Written notice of the filing of this Notice of Removal will be promptly served upon Plaintiff and a copy of this Notice of Removal will be filed in the appropriate state court as required by 28 U.S.C.A. § 1446(d).

8. Pursuant to 28 U.S.C.A. § 1446(a) and D.C.COLO.L.Civ.R 81.1, all papers filed in this matter in the Fifth Judicial District Court, County of Clear Creek, State of Colorado, Civil Action No. 08-cv-75 are attached to this Notice of Removal as Exhibits A, B, C, D, F, G, H, I, J, K, L, M and N. There is a status conference pending in the state court for December 2, 2008, which the state court will vacate upon receipt of this Notice of Removal.

9. By filing this Notice of Removal, Defendants do not waive any defenses which may be available to it.

WHEREFORE, Defendants Brass-Craft Manufacturing Company and Masco Corporation hereby give notice of removal of this action from the Fifth Judicial District, County of Clear Creek, State of Colorado, to the United States District Court for District of Colorado.

Respectfully submitted September 11, 2008.

MONTGOMERY, KOLODNY,
AMATUZIO & DUSBABEK, L.L.P.

s/ Erik R. Neusch
Max K. Jones, Jr.
Erik R. Neusch
1775 Sherman Street, 21st Floor
Denver, CO  80203
Telephone:  303-592-6600
Fax:  303-592-6666
eneusch@mkadlaw.com
mjones@mkadlaw.com

ATTORNEYS FOR DEFENDANT
BRASS-CRAFT MANUFACTURING
COMPANY AND DEFENDANT
MASCO CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2008, I electronically filed the foregoing **DEFENDANT'S NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system, which will send e-mail notification of such filing to the following:

*Counsel for Plaintiff:*

Keith Fuicelli, Esq.
Fuicelli & Lee, P.C.
3773 Cherry Creek Drive North, Suite 575
Denver, CO 80209
Tel: 303-355-7202
Fax: 303-355-7208
keith@fuicellilee.com

                                           s/ Jacqueline Sims Barnes
                                           Jacqueline Sims Barnes
                                           Montgomery, Kolodny, Amatuzio &
                                           Dusbabek, L.L.P.
                                           1775 Sherman Street, 21st Floor
                                           Denver, Colorado  80203
                                           Telephone:  303-592-6600
                                           Fax:  303-592-6666
                                           jbarnes@mkadlaw.com