| | |
|---|---|
| **DISTRICT COURT, CLEAR CREEK COUNTY, COLORADO**<br><br>Court Address: 405 Argentine Street<br>Georgetown, Colorado 80444 | EFILED Document<br>CO Clear Creek County District Court 5th JD<br>Filing Date: Jun 19 2008 3:42PM MDT<br>Filing ID: 20328894<br>Review Clerk: Cheryl Espinoza |
| **Plaintiff:**<br>DEBBIE A. COPELAND,<br><br>v.<br><br>**Defendants:**<br>BRASS-CRAFT MANUFACTURING COMPANY, a Michigan corporation; and MASCO CORPORATION, a New Mexico corporation | ▲ COURT USE ONLY ▲ |
| Attorney for Plaintiff:<br>R. Keith Fuicelli, Esq. #32108<br>FUICELLI & LEE, P.C.<br>3773 Cherry Creek North Drive, Suite 575<br>Denver, Colorado 80209<br>Phone Number: 303-355-7202<br>Fax Number: 303-355-7208<br>E-mail: keith@fuicellilee.com | Case Number:<br><br>Div.:        Ctrm. |
| **CIVIL COMPLAINT AND JURY DEMAND** | |

**COMES NOW,** Plaintiff, Debbie A. Copeland, by and through her attorneys, R. Keith Fuicelli of FUICELLI & LEE, P.C., and for its Complaint against Defendants states and alleges as follows:

### I.   GENERAL ALLEGATIONS

1. Plaintiff Debbie A. Copeland resides in Jefferson County Colorado having a mailing address of 965 Urban Street, Golden, Colorado 80401.

2. Defendant Brass-Craft Manufacturing Company is a Michigan corporation with its principal place of business located at 39600 Orchard Hill Place, Novi, Michigan 48375.

3. Defendant Masco Corporation is a New Mexico corporation with its principal place of business located at 21001 Van Born Road, Taylor, Michigan 48180.

4. At all times relevant, Plaintiff owned a home at 3311 Riverside Drive, Idaho Springs, Colorado 80452 ("subject property").

5. On or about June 24, 2006 the subject property was damaged by water.



6. The subject property was damaged by water when a toilet hose manufactured and/or distributed by Defendants failed.

7. The water line referenced in paragraph 6 was defectively designed and/or manufactured by Defendants.

8. As a results of the aforementioned design and/or manufacturing defects, Plaintiff suffered economic and non-economic damages.

## II.    FIRST CLAIM FOR RELIEF
Negligence-Defendant Brass-Craft Manufacturing Company

9. Plaintiff incorporates by this reference paragraphs 1 through 8 above as if fully set forth herein.

10. At all times relevant herein, Defendant Brass-Craft Manufacturing owed a duty of care to Plaintiff.

11. Defendant breached its duty and was negligent by its careless design, manufacturing, labeling and testing of the toilet supply line and in failing to warn of its danger.

12. As a direct and proximate result of the Defendant Brass-Craft Manufacturing's negligence, Plaintiff sustained economic and non-economic damages.

## III.    SECOND CLAIM FOR RELIEF
Negligence-Defendant Masco Corporation

13. Plaintiff incorporates by this reference paragraphs 1 through 12 above as if fully set forth herein.

14. At all times relevant herein, Defendant Masco Corporation owed a duty of care to Plaintiff.

15. Defendant breached its duty and was negligent by its careless design, manufacturing, labeling and testing of the toilet supply line and in failing to warn of its danger.

16. As a direct and proximate result of the Defendant Masco Corporation's negligence, Plaintiff sustained economic and non-economic damages.

## IV.    THIRD CLAIM FOR RELIEF
Strict Product Liability-Defendant Brass-Craft Manufacturing

17. Plaintiff incorporates by this reference paragraphs 1 through 16 above as if fully set forth herein.

18. At all times relevant herein, the toilet supply line was manufactured, distributed or sold by Defendant Brass-Craft Manufacturing.

19. Defendant Brass-Craft Manufacturing was engaged in the business of manufacturing, distribution and selling of the toilet supply line for consumer use or consumption.

20. The toilet supply line was defective and because of the defects, was unreasonably dangerous to persons who might reasonably be expected to use, consume or be affected by the product.

21. The toilet supply line was sold in a defective and unreasonably dangerous condition.

22. The toilet supply line was expected to and did reach the user or consumer without substantial change in the condition in which it was sold.

23. Plaintiff was a consumer who would be reasonably expected to use or be affected by the toilet supply line.

24. The defects in the product include, but are not limited to, design, manufacturing, labeling and the failure to adequately warn of the dangers of the products.

25. As a direct and proximate result of the defective and unreasonably dangerous toilet supply line, Plaintiff incurred economic and non-economic damages.

## V.    FOURTH CLAIM FOR RELIEF
Strict Product Liability-Defendant Masco Corporation

26. Plaintiff incorporates by this reference paragraphs 1 through 25 above as if fully set forth herein.

27. At all times relevant herein, the toilet supply line was manufactured, distributed or sold by Defendant Masco Corporation.

28. Defendant Masco Corporation was engaged in the business of manufacturing, distribution and selling of the toilet supply line for consumer use or consumption.

29. The toilet supply line was defective and because of the defects, was unreasonably dangerous to persons who might reasonably be expected to use, consume or be affected by the product.

30. The toilet supply line was sold in a defective and unreasonably dangerous condition.

31. The toilet supply line was expected to and did reach the user or consumer without substantial change in the condition in which it was sold.

32. Plaintiff was a consumer who would be reasonably expected to use or be affected by the toilet supply line.

33. The defects in the product include, but are not limited to, design, manufacturing, labeling and the failure to adequately warn of the dangers of the products.

34. As a direct and proximate result of the defective and unreasonably dangerous toilet supply line, Plaintiff incurred economic and non-economic damages.

## FIFTH CLAIM FOR RELIEF
Negligence – Res Ipsa Loquitur – Defendants Brass-Craft Manufacturing Company and Masco Corporation

35. Plaintiff incorporates herein by this reference, the allegations contained in Paragraphs 1 through 34 of this Complaint, as if set forth *verbatim*.

36. Plastic valve fasters like the one which fractured in this matter ordinarily do not fracture in the absence of negligence.

37. Other responsible causes of the Plaintiff's losses, including conduct of the Plaintiff and third persons, have been sufficiently eliminated.

38. The negligence at issue that caused Plaintiff's damages is within the scope of the Defendants' duty to the Plaintiff.

WHEREFORE, Plaintiff, Debbie A. Copland, respectfully requests judgment against Defendant Brass-Craft Manufacturing Company and Masco Corporation in an amount to be determined at trial, for attorneys' fees, costs, pre and post judgment interest as provided by law and for such further relief as the Court deems proper.

Respectfully submitted this 19 day of June, 2008.

FUICELLI & LEE PC

*s/ R. Keith Fuicelli*
R. Keith Fuicelli, Esq. #32108
ATTORNEY FOR PLAINTIFF

Plaintiff's Address:
965 Urban Street
Golden, Colorado 80401